IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WILLIE ORLANDO MCKINNON,

    Plaintiff,

v.

THE DIRECTOR,
WARDEN FREDERICK ABELLO,
DEPUTY WARDEN NASH,

    Defendants.

Civil Action No.: JKB-25-0256
(Related Civil Action: JKB-24-0289)

## MEMORANDUM

In response to the above-entitled civil rights Complaint, Defendants have filed a Motion to Dismiss for Failure to State a Claim (ECF No. 10), which self-represented Plaintiff Willie Orlando McKinnon opposes (ECF No. 12). No hearing is necessary. *See* D. Md. Local R. 105.6. For the reasons that follow, the Motion will be granted.

### I.   BACKGROUND

McKinnon filed this lawsuit after his claims against the Director of the Montgomery County Correctional Facility ("MCCF"), Warden Frederick Abello, and Deputy Warden Alinda Nash in civil action JKB-24-0289 were dismissed without prejudice for failure to exhaust administrative remedies. (*See McKinnon v. Tate*, Civil Action No. JKB-24-0289, ECF Nos. 25, 26 (D. Md. 2024) [hereinafter *Tate* Docket].) After that Memorandum Opinion and Order were issued, only one Defendant, Lt. Michael Tate, remained in the case. (*Id.*) McKinnon claimed in that case that on September 8, 2023, Lt. Tate came into his cell at MCCF and tried to sexually assault him by groping his genitals after McKinnon had reported him for doing the same thing on a previous occasion. (*Tate* Docket, ECF No. 1-1 at 1.) However, before Lt. Tate could touch

McKinnon, McKinnon states that he batted Lt. Tate's hand away. (*Id.*) Lt. Tate then exited McKinnon's cell. (*Id.*) The Court granted Lt. Tate's motion for summary judgment, finding that based on the disputed facts, Lt. Tate did not violate McKinnon's Eighth Amendment rights. (*Tate* Docket, ECF No. 52.)

In the instant case, McKinnon brings two claims under 42 U.S.C. § 1983 against the Director of MCCF, Warden Abello, and Deputy Warden Nash. He sues them in their personal capacities for their failure to supervise Lt. Tate, and he brings a *Monell* claim against them in their official capacities, *see Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). (ECF No. 1-1 at 5.) As relief, McKinnon seeks five million dollars in compensatory damages and five million dollars in punitive damages. (ECF No. 1 at 3.)

## II. STANDARD OF REVIEW

In evaluating a motion to dismiss pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, the Court accepts all well-pleaded allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Harvey v. Cable News Network, Inc.*, 48 F.4th 257, 268 (4th Cir. 2022). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted). Nonetheless, a complaint does not need "detailed factual allegations" to survive a motion to dismiss. *Id.* at 555. Instead, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563. To survive a motion to dismiss, "a complaint must

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## III.  ANALYSIS

Defendants assert that the Complaint should be dismissed because (1) McKinnon has failed to state a claim for supervisory liability under 42 U.S.C. § 1983, and (2) he has failed to state a claim under *Monell*. (ECF No. 10.) The Court agrees because both of these theories of liability require McKinnon to have suffered an underlying violation of his constitutional rights in the first place. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (requiring an underlying violation of constitutional rights to establish *Monell* liability); *Evans v. Chalmers*, 703 F.3d 636, 654 (4th Cir. 2012) (same but for supervisory liability). However, as the Court explained in its Memorandum in the related case, JKB-24-0289, McKinnon has neither pled nor presented evidence that Lt. Tate violated his Eighth Amendment rights when he entered McKinnon's cell on September 8, 2023. (*See Tate* Docket, ECF No. 52.) The Court adopts the reasoning set forth in its Memorandum in *Tate*. Accordingly, because there was no assertion of an underlying violation of McKinnon's rights, there can be no supervisory or *Monell* liability against Defendants. Additionally, the Complaint will be dismissed with prejudice because any amendment would be futile. *King v. Rubenstein*, 825 F.3d 206, 225 (4th Cir. 2016). As explained in *Tate*, even crediting

3

McKinnon's allegations in their entirety, he cannot state a claim for violation of his constitutional rights. (*Tate* Docket, ECF No. 52 at 5–6.)

When a complaint filed by a prisoner is dismissed in its entirety because it is frivolous, malicious or fails to state a claim, it qualifies as a "strike" under the provisions of 28 U.S.C. § 1915(g). The Supreme Court has held that dismissal with or without prejudice for any of the grounds enumerated in § 1915(g) constitutes a "strike" under the Act. *Lomax v. Ortiz-Marquez*, 590 U.S.__, 140 S.Ct. 1721, 1724 (2020). McKinnon is reminded that under 28 U.S.C. § 1915(g) he will not be granted *in forma pauperis* status if he has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it . . . fails to state a claim upon which relief may be granted, unless" he can establish he "is under imminent danger of serious physical injury." *See Pitts v. South Carolina*, 65 F.4th 141, 145 (4th Cir. 2023) (holding district court may not, at the time it dismisses a complaint under §1915(e), determine that the dismissal will count as a strike in the future application of § 1915(g)'s three strike rule).

By separate Order which follows, Defendants' Motion to Dismiss (ECF No. 10) will be granted and the Complaint dismissed with prejudice for failure to state a claim.

Dated this 20 day of January, 2026.

FOR THE COURT:

_____
James K. Bredar
United States District Judge